UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JOHN SETHMAN, on his own behalf
and all similarly situated individuals,

    Plaintiff,

CIVIL ACTION
FILE NO.:

v.

IEC US HOLDINGS, INC. d/b/a Florida
Career College, a Florida
Profit Corporation,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOHN SETHMAN ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendant, IEC US HOLDINGS, INC. d/b/a FLORIDA CAREER COLLEGE ("IEC" or "Defendant), a Florida Profit Corporation and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## **PARTIES**

3. At all times material hereto, Plaintiff was, and continues to be, a resident of Palm Beach County, Florida.

4. At all times material hereto IEC was a Florida Profit Corporation.

5. At all times material hereto, IEC was engaged in business in Palm Beach County, Florida.

6. At all times material hereto, the actions and omissions complained of arose within the Southern District of Florida. Namely, Plaintiff performed substantially all of the work for Defendant, from which his instant claims arise, within this District.

7. At all times material hereto IEC provided and continues to provide educational services.

8. At all times material hereto IEC was a school and an enterprise subject to the coverage of the FLSA.

9. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

11. At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

12. Defendant was, and continues to be, an "employer" within the meaning of FLSA.

13. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

14. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

15. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

16. At all times material hereto, Defendant has two (2) or more employees.

17. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, on a regular and customary basis as part of the performance of their jobs for Defendant, including office supplies, computers, and books.

18. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA, because he routinely ordered and received books and other goods on behalf of Defendant from out-of-state vendors.

19. The additional persons who may become plaintiffs in this action are/were non-exempt employees of Defendant, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

20. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

21. On or about August 1, 2014, Defendant hired Plaintiff to work as an hourly paid non-exempt "business office manager."

22. Prior to August 2014, Plaintiff had been employed by Defendant's predecessor in the same job and had performed substantially the same job duties. However, while Defendant's predecessor had properly classified Plaintiff's position as exempt and paid him overtime, Defendant knowingly and willfully misclassified Plaintiff's position as exempt and refused to pay him overtime when he worked in excess of 40 hours per week.

23. At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

24. From at least August 2014, and continuing through September 10, 2015, Defendant failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

25. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

26. Defendant has violated Title 29 U.S.C. § 207 from at least August 2014 and continuing through September 10, 2015 , in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

    b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

      c.      Defendant failed to maintain proper time records as mandated by the FLSA, because the time records maintained failed to include all hours worked by Plaintiff in one or more workweeks.

27. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

28. Plaintiff re-alleges and re-avers paragraphs 1 through 27 of the Complaint as if fully set forth herein.

29. From at least August 2014, and continuing through September 10, 2015, in virtually every workweek, Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

30. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

31. At all times material hereto, Defendant failed to maintain proper time records as mandated by the FLSA.

32. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

33. Defendant intentionally misclassified Plaintiff's position, despite its knowledge that Plaintiff's position was non-exempt under the FLSA.

34. Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

35. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

36. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

37. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan, or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half for their overtime hours.

38. Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff were not paid proper overtime for all hours worked in excess of forty (40) in one or more workweeks because Defendant failed to pay Plaintiff, and those similarly situated to him, proper overtime wages at time and one-half their regular rate of pay for such hours.

39. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

a. Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff the declaratory relief sought herein;

c. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

d. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

e. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

f. Awarding Plaintiff pre-judgment interest; and

g. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 12th day of October, 2015.

Respectfully submitted,

Andrew Frisch, Esq.
Florida Bar No.: 27777
MORGAN & MORGAN
600 N. Pine Island Rd., Ste. 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: AFrisch@forthepeople.com

*Trial Counsel for Plaintiff*