## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This Confidential Settlement and Release Agreement (the "Agreement") is made and entered into by and between John Sethman ("Plaintiff") and IEC US Holdings, Inc. ("Defendant").

WHEREAS, Plaintiff caused to be filed a lawsuit against Defendant in the United States District Court for the Southern District of Florida, styled as *John Sethman v. IEC US Holdings, Inc.*, Case No. 9:15-cv-81404-MIDDLEBROOKS/BRANNON ("Litigation"), alleging violations of the Fair Labor Standards Act ("FLSA"); and

WHEREAS, Defendant denies all of the allegations contained in the Litigation; and

WHEREAS, to avoid the uncertainties and expense of further litigation, the Parties wish to settle all claims and potential claims between them regarding Plaintiff's wages, compensation, remuneration, or other payments received from Defendant, including the claims made in the Litigation.

NOW THEREFORE, in consideration of the mutual covenants and agreements set forth herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. Immediately upon executing this Agreement, the Parties will file a Joint Stipulation for Dismissal With Prejudice in the Litigation. The Parties acknowledge and agree that they are not required to seek approval from the Court of this Agreement or the settlement reached between them in the Litigation because Plaintiff is receiving full relief for any and all claims raised in the Litigation as well as 100% of the amount of unpaid wages he has claimed to be owed in the Litigation. The Parties further acknowledge and agree that this Agreement will not be valid unless and until the court issues an Order dismissing the Litigation with prejudice.

2. In exchange for the mutual promises exchanged herein, Defendant agrees to pay Plaintiff the total amount of Eight Thousand Eight Hundred Twenty-Two Dollars and Zero Cents ($8,822.00), in full and final settlement of all Plaintiff's claims against Defendant related to Plaintiff's compensation, including all claims that were brought in the Litigation ("Settlement Amount"). The Settlement Amount will be paid as follows: (a) one check in the amount of Four Thousand Four Hundred Eleven Dollars and Zero Cents ($4,411.00), less applicable deductions and withholdings, payable to "John Sethman", and representing back wages which will be reported to the Internal Revenue Service on Form W2; (b) one check in the amount of Four Thousand Four Hundred Eleven Dollars and Zero Cents ($4,411.00), payable to "John Sethman" and representing liquidated and all other damages, which will be reported to the Internal Revenue Service on Form 1099. Defendant also agrees to pay the amount of Three Thousand Five Hundred Dollars ($3,500.00) payable to "Morgan & Morgan", representing attorney's fees and costs Plaintiff incurred in the prosecution of the Litigation which will be reported to the Internal Revenue Service on Form 1099 ("Fee Amount"). The Settlement Amount and Fee Amount shall be due ten (10) business days after the Court issues an Order of Dismissal in the Litigation.

3. Plaintiff understands and agrees that the Settlement Amount and Fee Amount are all that he is entitled to receive from Defendant as settlement of any and all of claims related to his compensation, remuneration, or other payments received from Defendant that Plaintiff made or could have made against the Released Parties (as defined below), including claims Plaintiff made or could have made against Defendant in the Litigation. Plaintiff further understands and agrees that the Settlement Amount constitutes adequate and ample consideration for the rights and claims that Plaintiff is waiving in paragraph 4 below and for the obligations imposed upon each of them by virtue of this Agreement. Plaintiff states that the Fee Amount fully satisfies their attorney's fees in the prosecution of the Litigation

and that Plaintiff's counsel will not receive any portion of the Settlement Amount as additional attorney's fees related to the Litigation.

4.      In exchange for the promises Defendant has made in this Agreement, Plaintiff, on behalf of himself and his respective successors, heirs, assigns, attorneys, agents and representatives, hereby unconditionally and forever waives, releases, acquits and discharges Defendant, together with their parents, subsidiaries, affiliates, predecessor and successor entities, as well as all of their current and former officers, directors, attorneys, employees, agents, fiduciaries, and employment benefit plans and programs (collectively "Released Parties"), and further promises never to institute, assert, prosecute or pursue, any and all debts, complaints, claims, charges, liabilities, claims for relief, demands, suits action or causes of action, which have arisen or could have arisen prior to the date of this Agreement, whether now known or unknown, suspected or unsuspected, against any of the Released Parties. Plaintiff agrees that this release shall be construed as broadly as possible and shall include all claims which Plaintiff brought or could have brought in the Litigation, including without limitation: (a) any contractual or other claims of wage payment Plaintiff may have against any or all of the Released Parties; (b) claims, if any, related to Plaintiff's compensation, remuneration, payment of wages, or other monetary payments received from any or all of the Released Parties, including but not limited to the Fair Labor Standards Act of 1938, as amended, and the Florida Minimum Wage Act; (c) claims, if any, regarding accrued leave, vacation, bonuses, commissions, or any other form of benefits connected with Plaintiff's employment relationship with any or all of the Released Parties; and (d) claims or allegations for costs, fees or other expenses including attorney's fees related to the Litigation. Plaintiff waives these rights and claims, and also agrees not to institute, or have instituted by anyone, a lawsuit against any or all of the Released Parties based on any such claims or rights, except in the event that Defendant breaches this Agreement. Plaintiff also agrees not to: (a) participate, cooperate or assist in any manner, whether as a witness, expert, consultant or otherwise, in any lawsuit, complaint, charge or other proceeding involving any of the Released Parties as a party; or (b) solicit any current or former employees of the Released Parties to encourage or incite further litigation against any of the Released Parties unless requested to do so by Defendant for Defendant's benefit, or unless compelled by subpoena or court order.

5.      Plaintiff acknowledges that he will not seek and is not entitled to reemployment or reinstatement to employment with any of the Released Parties at any time in the future. Plaintiff agrees that this forbearance to seek future employment is purely contractual and is in no way involuntary, discriminatory or retaliatory.

6.      Plaintiff agrees that confidentiality is a critical term of this Agreement. Plaintiff, therefore, agrees not to disclose the monetary or any other terms of this Agreement, including but not limited to the fact of a monetary award, subject to the following exceptions only: (a) Plaintiff may disclose facts regarding the Agreement as required by any governmental agency or by process of law so long as any entity receiving that information is informed of the confidentiality agreement prior to the disclosure of information protected by it. If required to disclose under this paragraph 6, Plaintiff shall notify Defendant either by telephone or in writing within 24 hours of his receipt of any request or subpoena and give Defendant the opportunity to object to disclosure; (b) Plaintiff may disclose facts regarding the Agreement to their respective attorneys or accountants ("representatives") so long as any representative is informed of the confidentiality agreement prior to the disclosure of information protected by it and agrees to maintain its confidentiality. Plaintiff agrees that this confidentiality provision is a major inducement to Defendant entering into this Agreement, is of paramount importance to Defendant and future compliance with its exact terms is critical to Defendant. Accordingly, Plaintiff agrees that any breach of this paragraph 6 by himself or his representatives would be a material breach and that any such breach will result in irreparable and continuing damage to Defendant for which there will be no adequate remedy at law. Therefore, in the event of a judicially determined breach of paragraph 6 of this Agreement by Plaintiff or his representatives, Defendant shall immediately be entitled to: (a) a temporary,

LEGAL\25092525\1

preliminary, and permanent injunction against any further breach (and it is agreed that neither a bond nor security deposit by Defendant will be required); and (b) any damages and/or other relief that may be available from the Court.

7. Plaintiff agrees not to engage in any activity that is intended to embarrass or disparage Defendant, its services, or any of the Released Parties and agrees that he will not make any false and disparaging remarks to any third parties regarding Defendant, any of the Released Parties, or any of their respective employees, customers, and/or services in any form whatsoever, including verbal, written, electronic, or through the use of any Internet websites.

8. This Agreement may be executed in counterparts and has the same force and effect as if all the signatures were obtained in one document. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the Agreement. This Agreement was reached between the Parties as a result of negotiations between counsel. Nothing contained in this Agreement shall be construed as an admission of liability by Defendant concerning any allegation raised in the Litigation; to the contrary, Defendant denies any liability to Plaintiff in the Litigation. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the Party against whom such waiver is charged.

9. If any provision or portion of this Agreement shall be held for any reason to be unenforceable or illegal, other than the waiver and release provisions in paragraph 4, that provision shall be severed from this Agreement, and the remainder of the Agreement shall be valid and enforceable among the Parties just as if the provision held to be illegal or unenforceable had never been included in this Agreement. The Parties agree that in the event of a proceeding regarding a breach of this Agreement, the prevailing Party shall be entitled to his/its costs and attorneys' fees. This Agreement expresses the entire agreement between the Parties with respect to any and all claims regarding Plaintiff's compensation that Plaintiff brought or could have brought in the Litigation, and supersedes all prior oral or written understandings or agreements regarding that subject matter. This Agreement shall not merge into but shall survive any subsequent contract, agreement or deed unless expressly referenced therein. This Agreement shall be governed by the laws of the State of Florida. In connection with any legal dispute arising from or relating to this Agreement, the Parties agree that such dispute shall be heard by a Judge and not a jury and further consent that the state and federal courts located in Broward County, Florida shall have exclusive jurisdiction over such proceedings. The Parties agree that this Agreement cannot be amended or modified except by a writing executed by both of the Parties hereto or their respective attorneys, administrators, trustees, personal representatives, and/or successors.

10. Plaintiff acknowledges that he has been provided with a reasonable time period within which to decide whether to sign this Agreement and acknowledges that he consulted with an attorney prior to signing this Agreement. This Agreement shall be effective as of the date all Parties sign the Agreement. Plaintiff acknowledges that he has carefully read and understands this Agreement and agrees that Defendant has not made any representations other than those contained herein. Plaintiff also acknowledges that he enters into this Agreement voluntarily, without any pressure or coercion, and with full knowledge of its significance, and that it constitutes a full and absolute settlement and bar as to any and all claims related to his compensation that he had, has, or may have against Defendant or any of the Released Parties, including the claims Plaintiffs brought in the Litigation.

LEGAL\25092525\1

IN WITNESS WHEREOF, Plaintiff and the Defendant have executed this Agreement.

_____
John Sethman

12/11/15
Date

_____
For IEC US Holdings, Inc.

CFO
Title

12/14/15
Date